■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LARRY PENDERGRASS, Appellant.— Appeal by defendant (by permission) from an order of the Supreme Court, Queens County, dated February 29, 1972, which denied his application for a writ of error *coram nobis*, ·without a hearing. Order reversed, on the law, and proceeding remitted to the Criminal Term for a hearing and a new determination in accordance with the views herein set forth. Defendant brought this proceeding to vacate a judgment which had convicted him of manslaughter in the first degree, alleging that the Trial Justice, the. prosecutor and his assigned defense counsel coerced his plea of guilty by threatening a heavier sentence if he were convicted after trial. Defendant also alleged that his plea of guilty was entered on the mistaken belief that the court would sentence him to a drug rehabilitation program rather than to a term in prison. Defendant's application was referred to the Trial Justice, who thereafter denied the relief requested without a hearing. It is our opinion that since defendant alleged an impropriety on the part of the Trial Justice, the proceeding should have been referred to another Justice for determination. We are also of the view that defendant's allegations presented serious questions of fact which could be resolved only after a hearing (*People* v. *Picciotti*, 4 N Y 2d 340; *People* v. *Granello*, 18 N Y 2d 823, 824). Accordingly, the

proceeding must be remitted to the Criminal Term for a hearing and a new determination. Since the Trial Justice is a potential witness, the hearing should be held before another Justice (*People* v. *Holley;* 28 A D 2d 544). Hopkins, Acting P. J., Latham, Shapiro, Christ and Benjamin, JJ., concur.