■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GEORGE MELENDEZ, Appellant.— Appeal by defendant (by permission) from an order of the Supreme Court, Kings County, entered May 14, 1974, which, without a hearing, denied two motions by him, (1) the first pursuant to CPL article 440

to vacate a judgment of the same court rendered November 9, 1973, or, in the alternative, for a hearing to determine whether the judgment should be vacated and (2) the second to disqualify the Justice who presided at defendant's change of pleading from presiding upon the first motion. Order reversed, on the law, and motions granted to the extent of directing a hearing as to the issues raised in defendant's motion pursuant to CPL article 440, to be held before a Justice other than the one who presided at defendant's change of pleading. Defendant asserted that he entered his guilty plea in reliance upon the court's off-the-record promise as to sentence. Defendant has raised sufficient questions with regard to the circumstances surrounding the entry of his guilty plea to warrant a hearing. The minutes of the plea reflect that Assistant District Attorney Boyar, who had participated in the plea negotiations, recommended the identical sentence which defendant alleges had been promised him by the court. The court apparently was prepared to sentence defendant on the date of the change of plea. When the court ultimately imposed a more severe sentence than that which defendant claims he was promised, defense counsel quickly protested that the prior agreement had been violated (see *People* v. *Weyant*, 43 A D 2d 700). Defendant's allegations presented serious questions of fact which could be resolved only after a hearing (*People* v. *Pendergrass*, 43 A D 2d 592). Since the Justice who allegedly made the promise as to sentence is a potential witness, the hearing should be held before another Justice (*People* v. *Holley*, 28 A D 2d 544). Martuscello, Acting P. J., Cohalan, Christ, Brennan and Benjamin, JJ., concur.