■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD BASORA, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Lagana, J.), rendered July 20, 1981, convicting him of assault

in the first degree, reckless endangerment in the first degree, and endangering the welfare of a child, after a nonjury trial, and imposing sentence. Matter remitted to Criminal Term to hear and report on the question of whether defendant formally waived his right to a jury trial in accordance with section 2 of article I of the New York State Constitution and appeal held in abeyance in the interim. Criminal Term is to file its report with all convenient speed. The hearing shall be held before a Justice other than Justice Lagana. In his opening statement at defendant's nonjury trial, defense counsel stated that "we waived a jury in this matter * * * because of the frequency of incidents like this I felt, sincerely felt that a jury of lay men [sic] would be unable to keep an open mind with this case". The People concede that a written waiver cannot be found but assert that the judgment should not at this time be reversed and a new trial ordered inasmuch as the prosecuting Assistant District Attorney recalls that a formal waiver took place approximately 48 hours before trial. We agree. A criminal defendant may waive his right to a jury trial solely "by a written instrument signed by the defendant in person in open court before and with the approval of a judge or justice of a court having jurisdiction to try the offense" (NY Const, art I, § 2; see CPL 320.10, subd 2). The People bear the burden of proving that such a waiver has been made (*People v Meyer*, 56 AD2d 937). Although the People are unable to furnish the writing by which defendant allegedly waived his right to a jury trial, this does not mean that they will be unable to prove that defendant did indeed knowingly, in a writing, and in open court, waive that right. Accordingly, a hearing must be held to reconstruct for the record the circumstances under which the waiver occurred (cf. *People v Glass*, 43 NY2d 283, 286). The hearing should be held before a Justice other than Justice Lagana since it is possible that he may be called as a witness. We have considered defendant's other contentions and find them to be without merit. Titone, J. P., O'Connor, Thompson and Bracken, JJ., concur.