■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES MCDANIEL, Appellant.—Order unanimously reversed on

the law and matter remitted to Supreme Court for further proceedings, in accordance with the following memorandum: After a nonjury trial, defendant was convicted of robbery in the first degree, robbery in the second degree, attempted sodomy in the first degree, criminal possession of a weapon in the third degree, unauthorized use of a vehicle in the first degree, reckless endangerment in the second degree and resisting arrest. We affirmed the judgment *(see, People v McDaniel,* 161 AD2d 1125). Defendant contends that the motion court erred in denying, without a hearing, his CPL 440.10 (1) (h) motion seeking to vacate his judgment of conviction. In his affidavit in support of the motion, defendant averred that on January 13, 1986, he was in the "bull pen" area for prisoners waiting for jury selection to commence; that his attorney entered the "bull pen" area and told him that they were going to proceed with a bench trial; that counsel handed him a jury waiver form and asked him to sign it; that defendant complied; and that counsel took the waiver and returned to the courtroom. Additionally, defendant averred, "I did not sign the jury waiver in open court in front of the judge. It was not presented to me in open court. It was never in my hands in open court". Defendant argued that the waiver was not executed in "open court" as mandated by NY Constitution, article I, § 2 and CPL 320.10 (2).

In opposition to defendant's motion, the People argued, *inter alia,* that the record did not support defendant's contention that the jury waiver was not executed in conformity with the constitutional and statutory requisites. The record establishes that defendant executed the jury waiver on or before January 13, 1986 and that on January 23, 1986, defendant appeared in court for the start of his trial. The trial court asked defendant if he was waiving his right to a jury trial. Defendant responded in the affirmative. The following colloquy took place:

"THE COURT: * * * And it's my understanding after consultation with your lawyer, that you now desire to waive your trial by jury?

"DEFENDANT: Yes.

"THE COURT: And that you are prepared to sign *and have signed* a written statement to that effect which I have in my hand now, and it's entitled, 'Waiver of Trial by Jury'.

"DEFENDANT: Yes.

"THE COURT: Is that your signature?

"DEFENDANT: Yes, it is.

"THE COURT: *And did you sign it in the presence of your lawyer?*

"DEFENDANT: Yes, I did. * * *

"THE COURT: Waiver is approved." (Emphasis supplied.)

Pursuant to NY Constitution, article I, § 2, a jury waiver must be "a written instrument signed by the defendant in person in open court before and with the approval of a judge or justice of a court having jurisdiction to try the offense". CPL 320.10 (2) similarly provides, in pertinent part, that "[s]uch waiver must be in writing and must be signed by the defendant in person in open court in the presence of the court, and with the approval of the court". The Court of Appeals has stated that because the right to a trial by jury is such a fundamental right, "we have been scrupulous in enforcing compliance with the waiver provisions in those cases in which waiver is permissible" *(People ex rel. Rohrlich v Follette,* 20 NY2d 297, 300; *see also, People v Davidson,* 136 AD2d 66, 69).

" '[O]nce the submission of evidentiary facts creates an issue as to the validity of the judgment, the defendant is entitled to a hearing to determine the truth of his allegations, unless his claim has been conclusively refuted by documentary evidence' " *(People v Ausserau,* 77 AD2d 152, 155, quoting *People v Session,* 34 NY2d 254, 256; *see also,* CPL 440.30). In applying the foregoing principles to the facts presented herein, we find that defendant submitted "evidentiary facts" which "create[d] an issue as to the validity of the judgment", thereby entitling him to a hearing on his CPL 440.10 motion to determine whether the jury waiver was executed in open court. The transcript of the colloquy between the court and defendant is equivocal and therefore a hearing is necessary to "reconstruct for the record the circumstances under which the waiver occurred" *(People v Basora,* 90 AD2d 851, 852). The hearing should be held before a Justice other than the trial Justice because it is possible that he may be called as a witness *(see, People v Basora, supra,* at 852). (Appeal from order of Supreme Court, Erie County, Marshall, J.—CPL art 440.) Present—Callahan, J. P., Denman, Green, Balio and Davis, JJ.