■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TOMMY L. BRINSON, Appellant. [607 NYS2d 522] —Judgment

unanimously affirmed. Memorandum: We reject the contention that County Court erred in refusing to suppress evidence obtained during a search of defendant's vehicle. The detailed information obtained from a reliable informant, together with the knowledge and observations of the police, constituted reasonable suspicion authorizing a stop of the vehicle. Further, defendant's voluntary consent obviates the need for a showing of probable cause to justify the search of the vehicle *(see, People v Hodge,* 44 NY2d 553, 559) or the need to obtain a warrant *(see, People v Gonzalez,* 39 NY2d 122, 127). The court did not err in failing to conduct a *Darden* hearing *(see, People v Darden,* 34 NY2d 177). Defendant did not request such a hearing, and, in any event, the identity of the informant was disclosed.

There is no merit to defendant's assertion that the trial court's reasonable doubt instruction improperly shifted the burden of proof *(see, People v Miller,* 199 AD2d 1095; *People v Zebrowski,* 198 AD2d 716). Defendant's contentions that the trial court improperly marshalled the evidence and that the proof is legally insufficient to support the verdict likewise lack merit. We further conclude that the verdict is not contrary to the weight of evidence *(see, People v Bleakley,* 69 NY2d 490, 495). (Appeal from Judgment of Ontario County Court, Henry, Jr., J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Denman, P. J., Green, Balio, Lawton and Boehm, JJ.