■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BOOKER MOSS, Also Known as BOOKER MORRIS, Appellant. [613 NYS2d 385] —Judgment, Supreme Court, New York County (Jeffrey Atlas, J.), rendered July 13, 1992, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree, and sentencing him, as a second violent felony offender, to a term of 2½ to 5 years, unanimously affirmed.

Defendant's claim that the trial court improperly denigrated his defense of temporary and lawful possession of a weapon by instructing the jury that his possession could be found lawful only if it was "fleeting" is not preserved for review as a matter of law (CPL 470.05 [2]) and we decline to review it in the interest of justice. In any event, if we were to review it, we would find that the charge, viewed as a whole *(People v Coleman,* 70 NY2d 817), did not force the jury unduly to restrict the period of possession that could be consistent with temporary and lawful possession, and otherwise conveyed the appropriate legal standard concerning this defense *(see, People v Almodovar,* 62 NY2d 126, 130). Concur—Rosenberger, J. P., Ellerin, Kupferman, Nardelli and Tom, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND ROBIN, Appellant. [614 NYS2d 126] —Judgment, Supreme Court, New York County (James Leff, J., at suppression motion; Mary McGowan Davis, J., at trial and sentence), rendered on September 20, 1993, convicting defendant, following a jury trial, of two counts of promoting gambling in the first degree and one count of possession of gambling records in the first degree and sentencing him, as a predicate felon, to three concurrent terms of 2 to 4 years, unanimously affirmed.

The court appropriately rejected defendant's claim pursuant to *Batson v Kentucky* (476 US 79) that he was deprived of a fair trial as a result of the People's use of their peremptory challenges. Defendant, a white man, relies on the fact that the prosecution excused six African-Americans from the jury. The trial court, which conducted a hearing with respect to this matter, properly concluded that there was no indication of a pattern of racially-motivated exclusion of African-Americans. Concur—Rosenberger, J. P., Ellerin, Kupferman, Nardelli and Tom, JJ.