■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES A. RAMOS, Appellant. [617 NYS2d 575] —Peters, J. Appeal, by permission, from an order of the County Court of Saratoga County (Williams, J.), entered January 13, 1993, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crimes of use of a child in a sexual performance, sexual abuse in the first degree and sodomy in the third degree (two counts), after a hearing.

Defendant was indicted in Saratoga County on a 45-count indictment in March 1989 arising from alleged ongoing sexual conduct with two underaged female children. He faced similar charges in Schenectady County. On January 2, 1990, with

counsel present, defendant pleaded guilty to four counts of the Saratoga County indictment.

The transcript of the plea colloquy reveals that County Court made painstaking attempts to review with defendant the consequences of his plea, the rights he was waiving and the effect of his execution of a waiver of appeal. At his sentencing on February 20, 1990, defendant was sentenced to a consecutive term of imprisonment totaling 10 to 30 years. At that time, he voluntarily acknowledged his guilt, raised no objection to the sentence and did not discuss issues of coercion, fraud, duress or mental disease. In May 1992, defendant filed a motion pursuant to CPL 440.10 seeking to vacate the judgment by alleging various jurisdictional and constitutional claims, including a claim of duress, misrepresentation and fraud. On the return date, defendant requested that the County Judge, who had been the sentencing Judge, recuse himself since defendant intended to call him as a witness. The Judge declined and, after hearing oral argument, denied the application in all respects.

On this appeal, defendant contends that the Judge should have recused himself, citing *People v Pendergrass* (43 AD2d 592). Our review of the record herein and the alleged improprieties by the Judge at sentencing as detailed by defendant clearly reveals that *People v Pendergrass (supra)* is wholly inapplicable to the instant matter and that the Judge properly denied the request for recusal.

Distilled, it appears that defendant is unhappy, in retrospect, with the bargain he struck. A review of the record reveals that County Court extensively reviewed with defendant the consequences of the plea, his ability to enter the plea, his lack of use of alcohol or drugs prior to the entry of said plea and, in fact, specifically advised defendant that he intended to impose the harshest sentence allowed under the law. The evidence further supports a determination that defendant's waiver of his right to appeal was knowingly, intelligently and voluntarily made. Therefore, such waiver precludes a consideration of all other issues raised in the application before County Court *(see, People v Seaberg,* 74 NY2d 1).

As to any contentions concerning the length of the sentence, it is well settled that an aggregate sentence that exceeds a statutory limitation is not per se illegal *(see, People v Moore,* 61 NY2d 575). As noted by the Court of Appeals in *People v Moore (supra,* at 578): "The statute does not restrict the number or length of the individual consecutive sentences that

may be imposed, nor does it require that the resulting aggregate sentence be vacated whenever the aggregate maximum exceeds the limitation. Rather, as observed by the Appellate Division, it merely requires that the Department of Correctional Services calculate the aggregate maximum length of imprisonment consistent with the applicable limitation." Clearly, had defendant gone to trial and been convicted of each and every count of the indictment, the sentence imposed could have been greater. In addition, defendant's opportunity for parole after serving his minimum sentence would have been affected by the conviction. Finally, it cannot be ignored that at the time of the plea, defendant was facing similar charges in Schenectady County and that those potential convictions were incorporated in the plea in Saratoga County.

Mercure, J. P., Crew III, White and Casey, JJ., concur. Ordered that the order is affirmed.