■ The People of the State of New York, Respondent, v Eddie Jones, Appellant. [633 NYS2d 27] —Judgment, Supreme Court, New York County (Juanita Bing Newton, J.), rendered June 3, 1991, convicting defendant, after jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.

By order of this Court entered January 24, 1995, we held the appeal in abeyance and remitted the matter for a reconstruction hearing to determine whether defendant was present at the Sandoval hearing. (211 AD2d 551.) The reconstruction hearing was held on April 13, 1995, the court (Frederic S. Berman, J.) finding that defendant was present at the Sandoval hearing. There is no merit to defendant's argument that the hearing evidence was "ambiguous." Justice Juanita Bing Newton testified at the reconstruction hearing that she had an "independent recollection" that defendant was present at the Sandoval hearing. She also testified that she never conducted a proceeding where the defendant was not in court. The reconstruction court found defendant's testimony to the contrary to be incredible as a matter of law.

Similarly meritless is defendant's claim that his absence from an off the record bench conference at which defendant's criminal record was discussed requires reversal. First of all,

Justice Bing Newton testified that the bench conference out of defendant's presence concerned a charge of which defendant had been acquitted and into which Justice Bing Newton precluded inquiry. Defendant was thus not entitled to attend this proceeding since its outcome was "wholly favorable" to him. (*People v Favor*, 82 NY2d 254, 267.) In any event, since the *Sandoval* motion was argued and decided in defendant's presence, he was not "prevented from having input into the decision-making process". (*People v Tucker*, 217 AD2d 418; *see also*, *People v Valentine*, 212 AD2d 399, *lv denied* 85 NY2d 944.) Concur—Sullivan, J. P., Rosenberger, Wallach and Asch, JJ.