■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WESLEY WIGGINS, Appellant. [643 NYS2d 790] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him, after a jury trial, of criminal possession of a controlled substance in the first and third degrees, arising from the discovery, pursuant to a search warrant, of nearly six kilograms of cocaine in a dresser in a room rented to defendant.

Supreme Court did not err in determining, following a reconstruction hearing, that defendant was present at the *Sandoval* conference, held in the courtroom in the absence of the

court reporter (*see, People v Terry*, 225 AD2d 1058). Although the court reporter's notes indicate that the Judge and the attorneys left the courtroom after a bench conference and prior to jury selection, all of the witnesses at the reconstruction hearing agreed that defendant's outburst upon hearing the court's *Sandoval* ruling occurred in the courtroom. The testimony of the Assistant District Attorney and the fact that the outburst was not transcribed support the court's determination and, thus, that determination should not be disturbed (*see, People v Michalek*, 218 AD2d 750, *lv denied* 86 NY2d 874).

We reject defendant's contention that the *Sandoval* ruling constituted an abuse of discretion. "The record establishes that, in considering defendant's *Sandoval* motion, the Trial Judge balanced the probative worth of the evidence against the risk of unfair prejudice to the defendant in accordance with *People v Sandoval* (34 NY2d 371)" (*People v Holman*, 79 NY2d 986, 987). The court did not err in failing to hold a *Darden* hearing (*see, People v Darden*, 34 NY2d 177, *rearg denied* 34 NY2d 995) because defendant did not request a hearing in his omnibus motion. Furthermore, defendant knew the identity of the informant (*see, People v Brinson*, 201 AD2d 945, 946, *lv denied* 83 NY2d 849).

We also conclude that the court's charge concerning possession, viewed in its entirety, properly conveyed to the jury the appropriate standard and did not denigrate defendant's defense of involuntary possession (*see, People v Moss*, 205 AD2d 379, *lv denied* 84 NY2d 938). In light of the amount of cocaine involved and the apparent pride of defendant in his status as a drug dealer, we conclude that the sentence is not unduly harsh or severe. (Appeal from Judgment of Supreme Court, Monroe County, Doyle, J.—Criminal Possession Controlled Substance, 1st Degree.) Present—Green, J. P., Fallon, Wesley, Davis and Boehm, JJ.