■ The People of the State of New York, Respondent, v Patrick D. Ireland, Appellant. [646 NYS2d 460] —Judgment unanimously affirmed. Memorandum: We reserved decision

and remitted this matter to Oneida County Court to make findings of fact and to determine whether defendant was present at the in-chambers *Sandoval* hearing (*People v Ireland*, 222 AD2d 1075). The court concluded, based upon the testimony of the Trial Judge, that defendant was present at the *Sandoval* conference. Although the testimony of the Trial Judge was disputed, the record supports the hearing court's conclusion that defendant was present (*see, People v Wiggins*, 227 AD2d 918; *People v Terry*, 225 AD2d 1058).

Defendant contends that reversal is required because a sidebar conference with a juror concerning the possible disqualification of another juror was held in his absence. "Given the nature and scope of the inquiry here, we cannot conclude that defendant's right to be present was violated" (*People v Torres*, 80 NY2d 944, 945, *rearg denied* 81 NY2d 784; *see, People v Aguilera*, 82 NY2d 23, 34). We reject defendant's contention that the stenographic record is incomplete and cannot be reconstructed sufficiently to allow appellate review. (Resubmission of Appeal from Judgment of Oneida County Court, Murad, J.—Burglary, 3rd Degree.) Present—Denman, P. J., Lawton, Wesley, Balio and Davis, JJ.