■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS ALOMAR, Appellant. [666 NYS2d 408] —Judgment,

Supreme Court, Bronx County (Ira Globerman, J.), rendered January 19, 1990, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, affirmed.

Upon examination of the entire record, we conclude that defendant failed to establish a prima facie violation of *Batson v Kentucky* (476 US 79), and that the People were therefore not required to explain their use of a portion of their peremptory challenges to strike Hispanic venirepersons (*see, People v Jenkins*, 84 NY2d 1001, 1003; *People v Childress*, 81 NY2d 263, 267). The original Trial Judge properly presided over the reconstruction hearing and thus the defendant's recusal motion was properly denied. Contrary to the dissent's characterization of the Trial Judge as a witness to the original voir dire proceedings, it is settled that, with regard to the procedure to be followed in reconstructing the record, "so far as possible the final arbiter of the record should be the Judge who presided at the original proceeding sought to be reviewed, if he is available * * * In such a proceeding he is not merely, or not at all, a witness; he is the official who certifies to the appellate court—if he can—what took place before him" (*People v Carney*, 73 AD2d 9, 12, *revd on other grounds* 58 NY2d 51; *People v Butler*, 75 AD2d 754).

By failing to apprise the court that its no adverse inference charge went beyond the charge requested by defendant, or otherwise express any dissatisfaction with the charge, defendant has failed to preserve his present claims (*People v Hoke*, 62 NY2d 1022; *People v Whalen*, 59 NY2d 273, 280), and we decline to review them in the interest of justice (*see, People v Autry*, 75 NY2d 836). Defendant's claims regarding the court's "two inferences" charge and its charge on asking the jury to come to an agreement "which speaks the truth" are unpreserved and, in any event, would not require reversal (*People v Arredondo*, 226 AD2d 322, 323, *lv denied* 88 NY2d 964). Concur—Wallach, Mazzarelli and Andrias, JJ.

Murphy, P. J., dissents in a memorandum as follows: The Trial Judge was a witness to the proceedings upon which the adjudication of defendant's *Batson* claim was premised. As such, he ought not to have presided over the hearing to reconstruct those proceedings (*see, People v Armlin*, 37 NY2d 167, 173; *People v McDaniel*, 168 AD2d 926, 928; *People v Seminara*, 58 AD2d 841, 843; *see also*, 22 NYCRR 100.3 [E] [1] ["a) judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned," including where "(a) * * * (ii) the judge has personal knowl-

edge of disputed evidentiary facts concerning the proceeding"]). His participation in the reconstruction hearing in a judicial capacity functioned to deprive the defendant of his due process right to have his claim decided by a neutral and detached magistrate and of his right to confront witnesses (*see, In re Murchison*, 349 US 133, 138).

Accordingly, I would hold the appeal in abeyance and remand for a new reconstruction hearing to be presided over by a different Judge.