This opinion is uncorrected and subject to revision before publication in the New York Reports.
--------------------------------------------------------------------

No. 94
The People &c.,
            Respondent,
        v.
Brian Novak,
            Appellant.




        Danielle Neroni Reilly, for appellant.
        Tracey A. Brunecz, for respondent.






FEINMAN, J.:

        This appeal requires us to answer a question of constitutional dimension: Whether a due process violation occurs when the sole judge deciding a criminal defendant's appeal as of right is the same judge who also presided over defendant's pretrial motions and bench trial.  We hold that it does and that

- 1 -

due process required the Judge's recusal in this case.

                                    I.

Defendant appeals his conviction of driving while ability impaired.  After arraignment in City Court, defendant moved to dismiss the charges against him.  The Judge presiding in City Court denied defendant's motion and the case proceeded to a bench trial before the same Judge, who found defendant guilty as charged, and sentenced him.

Defendant then appealed as of right to the County Court.  During the pendency of the appeal, the same Judge who had presided over defendant's pretrial motion to dismiss and bench trial in City Court was elected to County Court.  After taking office, the now-County Court Judge proceeded to adjudicate defendant's single-judge appeal and upheld defendant's judgment of conviction and sentence.  A Judge of this Court granted defendant leave to appeal (27 NY3d 1072 [2016]).

On appeal, defendant primarily claims that the County Court Judge's failure to recuse himself from defendant's appeal taken from his own prior judgment in City Court constitutes reversible error.  The People respond that because New York law does not explicitly mandate recusal in this instance, the Judge was free to exercise his discretion and decide defendant's appeal.

                                    II.

Under New York law, a defendant has a fundamental right

to an appeal (see e.g. People v Harrison, 27 NY3d 281, 286 [2016]).  Because, unlike this Court, intermediate appellate courts in this State are empowered to review both questions of law and fact, "this unique factual review power is the linchpin of our constitutional and statutory design intended to afford each [defendant] at least one appellate review of the facts" (People v Bleakley, 69 NY2d 490, 494 [1987]).  Further, when a state embraces a court system composed of hierarchical appellate tribunals, maintaining the integrity of that review process is of fundamental, constitutional importance.  As we have explained, this "constitutional right to a fair appellate procedure" (People v Perez, 23 NY3d 89, 99 [2014]) must ensure due process of law (see People v Andrews, 23 NY3d 605, 610 [2014]; People v West, 100 NY2d 23, 28 [2003]; see also Evitts v Lucey, 469 US 387, 393 [1985] ["[I]f a State has created appellate courts as an integral part of the . . . system for finally adjudicating the guilt or innocence of a defendant, the procedures used in deciding appeals must comport with the demands of . . . Due Process."] [internal quotations and citations omitted]).  Thus, because our laws grant a right to challenge a judgment on direct appeal (see CPL 450.10[1]; 460.10), a defendant is entitled to the minimum safeguards of due process under the federal and state constitutions.

The right to an impartial jurist is a "basic requirement of due process" (In re Murchison, 349 US 133, 136

[1955]; see also People v Alomar, 93 NY2d 239, 245 [1999]).
Under federal constitutional jurisprudence, courts evaluate
whether a "serious risk of actual bias," based on objective
perceptions and considering all the circumstances alleged, rises
to an unconstitutional level (see Rippo v Baker, 137 S Ct 905,
907 [2017]; Caperton v A.T. Massey Coal Co., 556 US 868, 884
[2009]).  Put differently, "[t]he Court asks not whether the
judge is actually, subjectively biased, but whether the average
judge in his [or her] position is 'likely' to be neutral, or
whether there is an unconstitutional 'potential' for bias"
(Caperton, 556 US at 881).  Not only must judges actually be
neutral, they must appear so as well.  We therefore conclude
that, under principles of due process (see US Const, amend XIV, §
1]; NY Const, art I, § 6), a judge may not act as appellate
decision-maker in a case over which the judge previously presided
at trial.

### III.

In this case, the same Judge ruled upon defendant's
pretrial motions, served as the trier of fact, convicted
defendant, sentenced defendant, and then proceeded to serve as
the sole reviewing Judge on appeal.  On these facts, there was a
clear abrogation of our State's court structure that guarantees
one level of independent factual review as of right.  Here, there
was a facial appearance of impropriety which "conflicted
impermissibly with the notion of fundamental fairness" (Alomar,

93 NY2d at 246).  Therefore, under these circumstances, recusal, as a matter of due process, was required.

Because this is a constitutional matter, the People's argument that County Court committed no statutory violation misses the mark.  In any case, while there currently exists no explicit statutory or constitutional provision in New York prohibiting judges from reviewing their own judgments on appeal,[1] our laws and court rules have long sought to purge actual bias and the possibility of bias from our courtrooms (see e.g. Judiciary Law § 14 ["A judge shall not sit as such in, or take any part in the decision of, an action, claim, matter, motion or proceeding . . . in which [the judge] has been attorney or counsel, or in which [the judge] is interested, or if . . . related by consanguinity or affinity to any party to the controversy within the sixth degree."]; 22 NYCRR 100.2 ["A judge shall avoid impropriety and the appearance of impropriety in all

_____

[1] This was not always the case.  From 1870 to 1961, Article VI of the New York State Constitution provided that "no judge or justice shall sit at a General Term of any court, or in the Court of Appeals, in review of a decision made by him or by any court of which he was at the time a sitting member" (1870-1894 NY Const, art VI, § 8; 1895-1925 NY Const, art VI, § 3; 1926-1961 NY Const, art VI, § 19).  However, in 1959, a new Article VI to the State Constitution was proposed in an effort to "reorganiz[e]" the judiciary yet specifically "continue[]" the jurisdiction of this Court, the Appellate Divisions, and County Courts among others (see Proposed NY Const Amend, art VI §§ 2[a], 4[b], 10[a] [1959]; see also Sen. Austin Erwin's Introducer's Memo).  Amidst this reorganization, the relevant language regarding disqualification was dropped.  As the new Article VI was intended to maintain continuity with key elements of the way the courts already operated, this does not affect our analysis.

of the judge's activities[.]"]; 22 NYCRR 3[E][1] ["A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned."]). Although there was no evidence of partiality here, due process must still safeguard the appearance of impartiality to promote public confidence in the courts.

To be clear, as we have previously held, facts that are learned in the adjudicative process do not preclude nisi prius from deciding issues that arise at various stages of a criminal proceeding, including pretrial motions. For example, as we have held, it is not an abuse of discretion for the same judge to conduct a pretrial hearing, such as a Sandoval hearing, and then later preside over a bench trial (see People v Moreno, 70 NY2d 403, 407 [1987]); or for a judge to rule on the validity of a search warrant issued by that same judge (see People v McCann, 85 NY2d 951 [1995]); or for a judge to preside over a trial and subsequently rule upon a defendant's CPL article 440 motion (see also People v Saunders, 301 AD2d 869, 872 [3d Dept 2003], lv denied, 100 NY2d 542 [2003]). In each of these examples, further independent appellate review remains available, and accordingly, a defendant's "constitutional right to a fair appellate procedure" remains inviolate (see People v Perez, 23 NY3d 89, 99 [2014]). However, where there is no opportunity for independent scrutiny by a new decision-maker, the appellate process is compromised, and due process has been violated.

IV.

Inasmuch as this matter must be remitted to County Court for defendant's appeal to be heard by a different judge, we render no opinion on the other issues raised by defendant in his appeal. Accordingly, the order of the County Court should be reversed and the case remitted to County Court, for further proceedings in accordance with this opinion.

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

Order reversed and case remitted to County Court, Schenectady County, for further proceedings in accordance with the opinion herein. Opinion by Judge Feinman. Chief Judge DiFiore and Judges Rivera, Stein, Fahey, Garcia and Wilson concur.

Decided October 24, 2017