People v Bryant (2020 NY Slip Op 00919)





People v Bryant


2020 NY Slip Op 00919


Decided on February 6, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 6, 2020

Acosta, P.J., Richter, Kapnick, Mazzarelli, Moulton, JJ.


10974 1019/16

[*1] The People of the State of New York, Respondent,
v
Shelton Bryant, Defendant-Appellant.


Christina A. Swarns, Office of The Appellate Defender, New York (Rosemary Herbert of counsel), and Freshfields Bruckhaus Deringer US LLP, New York (Rebecca Curwin of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Andrew E. Seewald of counsel), for respondent.



Judgment, Supreme Court, New York County (Bonnie G. Wittner, J.), rendered April 27, 2017, convicting defendant, after a jury trial, of two counts of robbery in the second degree, and sentencing him, as a second violent felony offender, to concurrent terms of nine years, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. Defendant's accessorial liability could be readily inferred from the totality of the conduct of defendant and his codefendant.
Defendant's challenges to the court's supplemental instructions are unpreserved, and we decline to review them in the interest of justice. As an alternative holding, we find that the court meaningfully responded to the jury's notes (see generally People v Almodovar, 62 NY2d 126, 131 [1984]; People v Malloy, 55 NY2d 296, 302 [1982], cert denied 459 US 847 [1982]).
Defendant's challenges to the admission of the victim's 911 call are also unpreserved, and we likewise decline to review them in the interest of justice. As an alternative holding, we find that the recording qualified as an excited utterance and a present sense impression (see generally People v Johnson, 1 NY3d 302, 306 [2003]; People v Vasquez, 88 NY2d 561, 575 [1996]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 6, 2020
CLERK