People v Allen (2020 NY Slip Op 07302)





People v Allen


2020 NY Slip Op 07302


Decided on December 03, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 03, 2020

Before: Renwick, J.P., Manzanet-Daniels, Mazzarelli, Singh, Scarpulla, JJ. 


Ind No. 1019/16 1019/16 Appeal No. 12517 Case No. 2018-4610 

[*1]The People of the State of New York, Respondent,
v
Corey Allen, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Claudia Trupp of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Andrew E. Seewald of counsel), for respondent.



Judgment, Supreme Court, New York County (Bonnie G. Wittner, J. at jury trial; Mark Dwyer, J. at resettlement hearing and sentencing), rendered April 8, 2018, convicting defendant of two counts of robbery in the second degree, and sentencing him, as a persistent violent felony offender, to concurrent terms of 17 years to life, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. As we observed on a codefendant's appeal (People v Bryant, 180 AD3d 442 [1st Dept 2020], lv denied 35 NY3d 968 [2020]), the evidence [*2]established that the two defendants acted in concert with each other. In particular, the evidence supports the conclusion that when defendant assaulted the victim, he did so for the purpose of aiding the codefendant in taking the victim's property.
The court providently declined to declare a mistrial when the deliberating jury issued a note stating that it was unable to reach a unanimous verdict. Instead, the court gave an appropriate instruction that encouraged the jury to continue deliberating. This was the jury's only deadlock note, and there was no indication that further deliberations would be fruitless (see Matter of Plummer v Rothwax, 63 NY2d 243, 252 [1984]), Defendant's argument that the continuation of deliberations was coercive under the circumstances is speculative. Defendant did not preserve his challenge to the content of the court's response to the deadlock note, and we decline to review it in the interest of justice. As an alternative holding, we find no basis for reversal (see People v Morgan, 28 NY3d 516, 522 [2016]).
Most of defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Love, 57 NY2d 998 [1982]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims, except the claim that defense counsel deferred to defendant whether to seek a jury charge on a lesser included offense, may not be addressed on appeal.
Defendant received ineffective assistance of counsel when defense counsel deferred to defendant whether to seek a jury charge on a lesser included offense (see People v Colville, 20 NY3d 20, 23 [2012] [Defendant denied his right to counsel when court permitted him, rather than defense counsel, to decide whether to request a jury charge on a lesser included offense]). However, the error was harmless beyond a reasonable doubt (see People v Crimmins, 36 NY2d 230, 238 [1975]; cf. People v Martin, 59 NY2d 704, 705 [1983]). Viewing the evidence in the light most favorable to defendant, there was no reasonable view of the evidence that defendant committed third-degree, but not second-degree, robbery, i.e., that he committed the robbery without the involvement of a second robber or did not cause the victim physical injury (see People v Camara, 44 AD3d 492, 492 [1st Dept 2007], lv denied 9 NY3d 1031 [2008]).
Defendant did not preserve his argument that the court improperly interfered with the trial, and displayed hostility toward him and his counsel. As an alternative holding, we find that nothing in the court's conduct was so egregious as to deprive defendant of a fair trial (see generally People v Moulton, 43 NY2d 944, 945 [1978]; People v Melendez, 31 AD3d 186, 196 [1st Dept 2006], lv denied 7 NY3d 927 [2006]).
Defendant's challenges to the receipt in evidence of the victim's 911 call, and to the court's response to a jury note requesting definitions of the crimes charged, are generally similar to arguments this Court rejected on the codefendant's appeal in our respective alternative holdings on these issues (Bryant, 180 AD3d at 442). We find no reason to reach a different result here.
The court presiding at the resettlement hearing providently exercised its discretion in determining that testimony from the trial Justice (who had retired while the resettlement issue was pending) concerning her recollection of a disputed portion of the trial transcript was unnecessary (see generally People v Bethune, 29 NY3d 539, 541 [2017]; People v Alomar, 93 NY2d 239, 247 [1999]). The trial Justice's recollection of the disputed colloquy was already in the record. In any event, even if the actual record is as defendant claims, rather than as the resettlement court found, there would be no basis for reversal.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 3, 2020