■ In the Matter of INDEPENDENCE PARTY STATE COMMITTEE OF THE STATE OF NEW YORK et al., Appellants, v CAROL BERMAN et al., Respondents. (Proceeding No. 1.) In the Matter of NASSAU COUNTY INDEPENDENCE PARTY INTERIM COUNTY COMMITTEE et al., Respondents, v JAMES A. PERAGINE et al., Appellants. (Proceeding No. 2.) In the Matter of ALEXANDER L. KATAGAS et al., Respondents, v CAROL BERMAN et al., Respondents, and INDEPENDENCE PARTY COUNTY COMMITTEE OF NASSAU COUNTY et al., Appellants. (Proceeding No. 3.) In the Matter of JAMES L. KAPSIS et al., Respondents, v CAROL BERMAN et al., Respondents, and INDEPENDENCE PARTY COUNTY COMMITTEE OF NASSAU COUNTY et al., Appellants. (Proceeding No. 4.) [799 NYS2d 90]—

In four related proceedings pursuant to Election Law article 16 to determine the members of the Nassau County Committee of the Independence Party, the appeal is by the Independence Party State Committee of the State of New York, the Independence Party State Committee Executive Committee of the State of New York, Frank MacKay, William Bogardt, the Independence Party County Committee of Nassau County, the Executive Committee of the Independence Party County Committee, Gary N. Sinawski, James A. Peragine, Michael S. Peragine, Steven W. Corbett, Bonnie Green, the "purported" Nassau County Independence Party County Committee, the "purported" Executive Committee of the Independence Party County Committee, Elizabeth Peragine, Thomas Green, Gregory Markin, Robert Seldomridge, Rosemary F. Styne, and Robert Palumbo from (1) an order of the Supreme Court, Nassau County (Stack, J.), entered January 26, 2005, which denied their motion to recuse Justice Stack, and (2) an order of the same court entered April 12, 2005, which denied their motion to reassign these proceedings to Justice DeMaro.

Ordered that the order entered January 26, 2005, is reversed, on the law and the facts, without costs or disbursements, and the motion for recusal is granted; and it is further,

Ordered that the order entered April 12, 2005, is affirmed, without costs or disbursements.

With respect to recusal, "[a]bsent legal disqualification under Judiciary Law § 14, a Trial Judge is the sole arbiter of recusal" (*People v Moreno,* 70 NY2d 403, 405-406 [1987]). The decision is a discretionary one and is within the personal conscience of the court (*see People v Moreno, supra; Saferstein v Klein,* 288 AD2d 206 [2001]). Yet, "it may be the better practice in some situations for a court to disqualify itself in a special effort to maintain the appearance of impartiality" (*People v Moreno, supra* at 406). Under the circumstances, we find that it would have been "better practice" for the trial judge to recuse herself "in a special effort to maintain the appearance of impartiality" in this case (*People v Moreno, supra* at 406).

The ultimate issue in these proceedings calls for a determination as to which organization, the Independence Party County Committee of Nassau County, with Elizabeth Peragine as its

chairperson or the Interim County Organization of the Independence Party of Nassau County, with James L. Kapsis as its chairperson (hereinafter the Kapsis entity), constitutes the rightful representative of the Independence Party in Nassau County. Justice Stack's former law clerk, Hope Zimmerman, now a Judge of the Family Court, Nassau County, was endorsed by the Kapsis entity in the 2004 election. During her induction ceremony, Judge Zimmerman lauded James L. Kapsis for his support and specifically referred to him as the Chairman of the Independence Party. The appearance of the trial court's impartiality in these proceedings was called into question by these public remarks, and for this reason, we conclude that Justice Stack improperly declined to recuse herself from the case.

If Justice Stack had recused herself, the motion for reassignment of these matters to Justice DeMaro would not have been decided by her. However, for purposes of judicial economy, rather than remitting the matter to the Supreme Court to decide the motion, we have reviewed the motion and find it to be without merit. S. Miller, J.P., Mastro, Rivera and Spolzino, JJ., concur.