THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KELLY SANTOS, Appellant. [891 NYS2d 121]—

The County Court erred in denying the defendant's motion to set aside the verdict pursuant to CPL article 330. During trial, testimony was elicited during the cross-examination of the complainant that the complainant was involved in a civil action, and had contacted a certain named law firm with respect to that action. The subject matter of the civil action involved the safety and security of the building in which the complainant resided, which is the same building that the defendant allegedly burglarized. The trial judge made no comment when this testimony was elicited. Thereafter, the defendant was convicted.

Following the verdict, but before the sentencing hearing, the trial judge held a recusal hearing. At that time, he related that he had just been informed by the assistant district attorney trying the case that the trial judge's wife was a partner in the law firm representing the complainant in the related civil action against the owner of the apartment building allegedly burglarized by the defendant.

Under the circumstances of this case, the defendant is entitled to have the judgment vacated and a new trial. A judge shall disqualify himself or herself where "the judge knows that he or she . . . or the judge's spouse . . . has an economic interest in the subject matter in controversy or in a party to the proceeding or has any other interest . . . [in] the proceeding" (22 NYCRR 100.3 [E] [1] [c]; see 22 NYCRR 100.3 [E] [1] [d] [iii]). When the trial judge in the instant matter heard the name of his wife's law firm mentioned, he had the obligation to inquire further and, upon inquiry, to do as he only later did, which was to recuse himself. Since he did not, the conviction must be vacated and the matter remitted to the County Court, Orange County, for a new trial (see 22 NYCRR 100.3 [E] [1] [c], [d] [iii]; *People v Alomar*, 93 NY2d 239 [1999]; see also Judiciary Law § 14; cf. *Matter of Kurz v Justices of Supreme Ct. of N.Y., Kings County*, 228 AD2d 74 [1997]). Dillon, J.P., Florio, Miller and Angiolillo, JJ., concur.