(March 1, 2011)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMON JIMENEZ, Appellant. [918 NYS2d 31]—

The court properly declined to submit second-degree trespass to the jury as a lesser included offense. A surveillance videotape makes clear that there was no reasonable view of the evidence, viewed most favorably to defendant, that he entered the victim's apartment without criminal intent and formed an intent to steal only once he was inside (*see People v Zokari*, 68 AD3d 578 [2009], *lv denied* 15 NY3d 758 [2010]).

Assuming, without deciding, that the court was required to comply with the procedural requirements set forth in *People v O'Rama* (78 NY2d 270, 277-278 [1991]) when the jury sent a note stating it had reached a partial verdict, we find that the court fulfilled its "core responsibility" under *People v Kisoon* (8 NY3d 129, 135 [2007]). The court disclosed the note to counsel, announced its intention to take the partial verdict, and did nothing to prevent counsel from suggesting any other course of action. Accordingly, there was no mode of proceedings error exempt from preservation requirements (*see People v Starling*, 85 NY2d 509, 516 [1995]). We decline to review defendant's unpreserved claim in the interest of justice. As an alternative holding, we find no basis for reversal. Defense counsel was

evidently satisfied when the court accepted the partial verdict and immediately dismissed the remaining count, upon which the jury had failed to agree. Accordingly, counsel had no reason to provide any additional input.

Defendant also raises claims regarding the court's acceptance and the jury's rendition of the partial verdict. These claims do not fall into the "very narrow category" of "mode of proceedings" errors exempt from the preservation requirement (*see People v Kelly*, 5 NY3d 116, 119 [2005]). We decline to review these unpreserved arguments in the interest of justice. As an alternative holding, we also reject them on the merits. Concur—Gonzalez, P.J., Tom, Andrias, Renwick and Abdus-Salaam, JJ.