Appeal by the defendant from a judgment of the County Court, Orange County (Freehill, J.), rendered December 16, 2010, convicting him of burglary in the first degree (two counts), attempted assault in the third degree, criminal possession of a weapon in the fourth degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.
Ordered that the judgment is modified, on the law, by vacating the conviction of attempted assault in the third degree; as so modified, the judgment is affirmed.
Viewing the evidence in the light most favorable to the prose *994 cution (see People v Contes, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant’s guilt, beyond a reasonable doubt, of two counts of burglary in the first degree under Penal Law § 140.30 (2) and (3), respectively, criminal possession of a weapon in the fourth degree, and endangering the welfare of a child. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt on those counts was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
However, as the People correctly concede, the defendant’s conviction of attempted assault in the third degree must be vacated. At the defendant’s first trial, he was convicted of attempted assault in the second degree as a lesser-included offense of assault in the second degree. After this Court reversed and ordered a new trial (see People v Santos, 68 AD3d 899 [2009]), the People failed to obtain an indictment for attempted assault in the second degree, which was not charged in the original indictment. Accordingly, on retrial, it was error to submit to the jury the counts of attempted assault in the second degree and the lesser-included offense of attempted assault in the third degree (see People v Green, 96 NY2d 195, 199-200 [2001]).
The defendant’s contentions that the County Court erred in denying the jury’s request during deliberations for written copies of the charges and in denying the jury’s subsequent request to take notes during the court’s readback of the charges are unpreserved for appellate review (see People v Starling, 85 NY2d 509, 516 [1995]; People v Jimenez, 82 AD3d 401 [2011]) and, in any event, without merit. The defendant’s further contention that the County Court erred in giving a falsus in uno charge is also unpreserved for appellate review (see People v Washington, 71 AD3d 1064 [2010]; People v Williams, 38 AD3d 925, 926 [2007]) and, in any event, without merit.
The defendant’s contentions, raised in points I, II, and III of his pro se supplemental brief, that counts five and six of the indictment were duplicitous, that counts five and six of the indictment were multiplicitous, and that the County Court’s charge to the jury with respect to the count of criminal possession of a weapon in the fourth degree was erroneous, are unpreserved for appellate review (see CPL 470.05 [2]) and, in any event, without merit. The defendant’s contention, raised in point IV of his pro se supplemental brief, that he was deprived of the effective assistance of counsel, is partly based on matters outside the record and cannot be resolved without reference to such matters; thus, a CPL 440.10 proceeding is the appropriate forum for reviewing this claim (see People v Maxwell, 89 AD3d *995 1108, 1109 [2011]).
Mastro, J.E, Chambers, Austin and Miller, JJ., concur.