■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCIS SUAZO, Appellant. [992 NYS2d 138]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kron, J.), rendered August 12, 2011, convicting him of burglary in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Holder, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the matter is remitted to the Supreme Court, Queens County, for a de novo suppression hearing before a different hearing Justice, and a report thereafter, on that branch of the defendant's omnibus motion which was to suppress identification testimony, and the appeal is held in abeyance in the interim. The Supreme Court, Queens County, shall file its report with all convenient speed.

Contrary to the People's contention, the defendant's purported waiver of his right to appeal was invalid (*see People v Moyett*, 7 NY3d 892, 892-893 [2006]; *People v Lopez*, 6 NY3d 248, 256 [2006]; *People v Woods*, 115 AD3d 997 [2014]).

At the outset of the hearing on that branch of the defendant's omnibus motion which was to suppress identification testimony, it was revealed that one of the People's witnesses was married to the hearing Justice's law clerk. Nonetheless, the hearing Justice presided over the hearing, found the People's witnesses to be credible, and denied the defendant's motion.

Contrary to the People's contention, under the particular circumstances of this case, the defendant did not affirmatively waive his contention that the hearing Justice improvidently exercised his discretion in presiding over the hearing (*cf. People v Grier*, 273 AD2d 403 [2000]). While this contention is unpreserved for appellate review, we nevertheless reach it in the exercise of our interest of justice jurisdiction (*see* CPL 470.05 [2]).

"Absent a legal disqualification under Judiciary Law § 14, a Trial Judge is the sole arbiter of recusal. This discretionary decision is within the personal conscience of the court" (*People v Moreno*, 70 NY2d 403, 405 [1987]). "A court's decision in this respect may not be overturned unless it was an improvident exercise of discretion" (*D'Andraia v Pesce*, 103 AD3d 770, 771 [2013]). "Recusal, as a matter of due process, is required only where there exists a direct, personal, substantial or pecuniary interest in reaching a particular conclusion, or where a clash in judicial roles is seen to exist" (*People v Alomar*, 93 NY2d 239, 246 [1999] [citation omitted]).

It was an improvident exercise of discretion for the hearing Justice to preside over the suppression hearing. "[A] law clerk is probably the one participant in the judicial process whose duties and responsibilities are most intimately connected with the judge's own exercise of the judicial function" (*Oliva v Heller*, 839 F2d 37, 40 [2d Cir 1988]). "Law clerks are simply extensions of the judges at whose pleasure they serve" (*id.* at 40 [internal quotation marks omitted]). Here, the hearing Justice was the trier of fact, and the credibility of Detective William Wilkerson, who was married to the Justice's law clerk, was a critical issue at the hearing. The marital relationship between Detective Wilkerson and the hearing Justice's law clerk created, at a minimum, the appearance that the hearing Justice could not be impartial in assessing Detective Wilkerson's credibility. While it is true that, unlike a lay jury, a judge is "uniquely capable of . . . making an objective determination based upon appropriate legal criteria, despite awareness of facts which cannot properly be relied upon in making the decision" (*People v Best*, 19 NY3d 739, 744 [2012] [internal quotation marks omitted]), "judges are human," and not immune from "psychological" and unconscious influences (*id.* at 744; *see Caperton v A. T. Massey Coal Co.*, 556 US 868, 883 [2009]; *People v Browne*, 220 AD2d 313, 314-315 [1995]; *People v Zappacosta*, 77 AD2d 928, 930 [1980]). Under these circumstances, the hearing Justice should have recused himself "in a special effort to maintain the appearance of impartiality" (*People v Moreno*, 70 NY2d at 406).

Accordingly, we hold the appeal in abeyance and remit the matter to the Supreme Court, Queens County, before a different hearing Justice, to hear and report on that branch of the defendant's omnibus motion which was to suppress identification testimony. Skelos, J.P., Hall, Duffy and Barros, JJ., concur.