People v McPhee (2021 NY Slip Op 02416)





People v McPhee


2021 NY Slip Op 02416


Decided on April 21, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 21, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
PAUL WOOTEN, JJ.


2017-08754
 (Ind. No. 1841/15)

[*1]The People of the State of New York, respondent,
v
Aasim M. McPhee, appellant.


Paul Skip Laisure, New York, NY (Samuel Barr of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Joseph N. Ferdenzi, and Christopher Blira-Koessler of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Ira Margulis, J.), rendered August 15, 2017, convicting him of burglary in the first degree (three counts), robbery in the first degree, attempted robbery in the first degree (two counts), robbery in the second degree, criminal possession of a weapon in the second degree (six counts), and endangering the welfare of a child, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for resentencing before a different Justice.
The defendant's arguments as to the legal sufficiency of the evidence are unpreserved for appellate review (see People v Hawkins, 11 NY3d 484). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of burglary in the first degree and robbery in the second degree based on an acting in concert theory beyond a reasonable doubt (see Penal Law §§ 20.00; 140.30[4]; 160.10[1]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that the trial justice should have recused himself from presiding over the sentencing proceeding, on the ground that the justice's law clerk was a former Queens County Assistant District Attorney who, in that capacity, had worked on the early stages of this case, is unpreserved for appellate review. We nevertheless reach this contention in the exercise of our interest of justice jurisdiction (see CPL 470.05[2]). For the reasons discussed in our decision and order on an appeal by the defendant's codefendant (People v Hymes, ___ AD3d ___ [decided herewith]), the trial justice should have recused himself from presiding over the sentencing proceeding (see People v Suazo, 120 AD3d 1270).
Accordingly, we vacate the sentence imposed, and remit the matter to the Supreme Court, Queens County, for resentencing before a different Justice.
In light of our determination, we need not reach the defendant's contention that the sentence imposed was excessive.
The defendant's remaining contention is without merit.
DILLON, J.P., HINDS-RADIX, DUFFY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court