People v Hymes (2021 NY Slip Op 02412)





People v Hymes


2021 NY Slip Op 02412


Decided on April 21, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 21, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
PAUL WOOTEN, JJ.


2017-10081
 (Ind. No. 1841/15)

[*1]The People of the State of New York, respondent,
v
John Hymes, appellant.


Janet E. Sabel, New York, NY (David Crow and Dechert LLP [Douglas W. Dunham, Ellen P. Quackenbos, and Daniel Goldberg-Gradess], of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Jie Gao of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Ira Margulis, J.), rendered August 15, 2017, convicting him of burglary in the first degree (three counts), robbery in the first degree, attempted robbery in the first degree (two counts), robbery in the second degree, criminal possession of a weapon in the second degree (six counts), and endangering the welfare of a child, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for resentencing before a different Justice.
The defendant's arguments as to the legal sufficiency of the evidence are unpreserved for appellate review (see People v Hawkins, 11 NY3d 484; People v Viera, 172 AD3d 762; People v Cancel, 70 AD3d 960). In any event, contrary to the defendant's contention, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish, beyond a reasonable doubt, the defendant's guilt of criminal possession of a weapon in the second degree under counts 11, 12, 14, and 15, burglary in the first degree under count 1, attempted robbery in the first degree, and endangering the welfare of a child based on an acting in concert theory (see Penal Law § 20.00; People v Dillard, 176 AD3d 1097; People v Hoke, 114 AD3d 538). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
In previously affirming the judgment of conviction of a codefendant, we held that the Supreme Court's determination to permit the People to amend the indictment did not change the theory of the case or unduly prejudice the defense (see People v Bull, 177 AD3d 898). Thus, the defendant's present contention in this regard is without merit.
The trial justice improvidently exercised his discretion in denying the defendant's request to recuse himself from presiding over the sentencing proceeding on the ground that the justice's law clerk was a former Queens County Assistant District Attorney who, in that capacity, [*2]had worked on the early stages of the case. "'Absent a legal disqualification under Judiciary Law § 14, a Trial Judge is the sole arbiter of recusal. This discretionary decision is within the personal conscience of the court'" (People v Suazo, 120 AD3d 1270, 1271, quoting People v Moreno, 70 NY2d 403, 405). "Recusal, as a matter of due process, is required only where there exists a direct, personal, substantial or pecuniary interest in reaching a particular conclusion" (People v Alomar, 93 NY2d 239, 246). "Not only must judges actually be neutral, they must appear so as well" (People v Novak, 30 NY3d 222, 226).
Here, after the verdict was rendered, but prior to sentencing, the trial justice hired as his law clerk a former Queens County Assistant District Attorney who had been involved in the investigation and the early stages of the defendant's prosecution. "'[A] law clerk is probably the one participant in the judicial process whose duties and responsibilities are most intimately connected with the judge's own exercise of the judicial function'" (People v Suazo, 120 AD3d at 1272, quoting Oliva v Heller, 839 F2d 37, 40 [2d Cir]).
Under the circumstances of this case, due process principles did not require recusal, as there was no indication that the trial justice had a direct, personal, substantial, or pecuniary interest in the case (cf. People v Novak, 30 NY3d 222; People v Santos, 68 AD3d 899). However, since the law clerk was not screened from working on this case and, according to the trial justice, actually discussed the sentencing of the defendant with the justice, the justice should have recused himself "'in a special effort to maintain the appearance of impartiality'" (People v Suazo, 120 AD3d at 1272, quoting People v Moreno, 70 NY2d at 406).
Accordingly, we vacate the sentence imposed, and remit the matter to the Supreme Court, Queens County, for resentencing before a different Justice.
In light of our determination, we need not reach the defendant's contention that the sentence imposed was excessive.
The defendant's remaining contentions are without merit.
DILLON, J.P., HINDS-RADIX, DUFFY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court