People v McPhee (2021 NY Slip Op 04723)





People v McPhee


2021 NY Slip Op 04723


Decided on August 18, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 18, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
PAUL WOOTEN, JJ.


2017-08754 ON MOTION
 (Ind. No. 1841/15)

[*1]The People of the State of New York, respondent,
v
Aasim M. McPhee, appellant. DECISION & ORDER Motion by the defendant for leave to reargue an appeal from a judgment of the Supreme Court, Queens County, rendered August 15, 2017, which was determined by decision and order of this Court dated April 21, 2021. Upon the papers filed in support of the motion and the papers filed in relation thereto, it is ORDERED that the motion is granted, and, upon reargument, the decision and order of this Court dated April 21, 2021 (People v McPhee, 193 AD3d 980) in the above-entitled action is recalled and vacated, and the following decision and order is substituted therefor:

Patricia Pazner, New York, NY (Samuel Barr of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Joseph N. Ferdenzi, and Christopher Blira-Koessler of counsel), for respondent.
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Ira Margulis, J.), rendered August 15, 2017, convicting him of burglary in the first degree (three counts), robbery in the first degree, attempted robbery in the first degree (two counts), robbery in the second degree, criminal possession of a weapon in the second degree (six counts), and endangering the welfare of a child, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for resentencing before a different Justice.
The defendant's arguments as to the legal sufficiency of the evidence are unpreserved for appellate review (see People v Hawkins, 11 NY3d 484). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of burglary in the first degree and robbery in the second degree based on an acting in concert theory beyond a reasonable doubt (see Penal Law §§ 20.00; 140.30[4]; 160.10[1]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People [*2]v Romero, 7 NY3d 633).
The defendant's contention that the trial justice should have recused himself from presiding over the sentencing proceeding, on the ground that the justice's law clerk was a former Queens County Assistant District Attorney who, in that capacity, had worked on the early stages of this case, is unpreserved for appellate review. We nevertheless reach this contention in the exercise of our interest of justice jurisdiction (see CPL 470.05[2]). For the reasons discussed in our decision and order on an appeal by the defendant's codefendant (People v Hymes, 193 AD3d 975), the trial justice should have recused himself from presiding over the sentencing proceeding (see People v Suazo, 120 AD3d 1270).
Accordingly, we vacate the sentence imposed, and remit the matter to the Supreme Court, Queens County, for resentencing before a different Justice.
In light of our determination, we need not reach the defendant's contention that the sentence imposed was excessive.
The defendant's remaining contentions are without merit.
DILLON, J.P., HINDS-RADIX, DUFFY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court