People v Roshia (2022 NY Slip Op 03546)





People v Roshia


2022 NY Slip Op 03546


Decided on June 2, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:June 2, 2022

111503
[*1]The People of the State of New York, Respondent,
v
James M. Roshia Jr., Appellant.

Calendar Date:April 26, 2022

Before:Egan Jr., J.P., Lynch, Aarons, Reynolds Fitzgerald and Ceresia, JJ.

Rural Law Center of New York, Castleton (Kelly L. Egan of counsel), for appellant.
Gary M. Pasqua, District Attorney, Canton (Alexander A. V. Nichols of counsel), for respondent.



Aarons, J.
Appeal, by permission, from an order of the County Court of St. Lawrence County (Richards, J.), entered June 17, 2019, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crime of criminal sexual act in the first degree, without a hearing.
The facts underlying defendant's conviction of criminal sexual act in the first degree are set forth in a prior decision (133 AD3d 1029 [2015], lv denied 28 NY3d 989 [2016]). As relevant here, defendant moved under CPL 440.10 to vacate the judgment of conviction for various reasons. In a June 2019 order, County Court denied the motion without a hearing. With permission, defendant appeals.
As one of the grounds raised in his CPL article 440 motion, defendant argued that he was deprived of his right to appear before the grand jury due to the actions of the District Attorney. The parties do not dispute that, at the time that defendant's CPL article 440 motion was decided, the judge's law clerk was the former District Attorney who had prosecuted defendant. That said, defendant contends that the judge should have recused himself from deciding defendant's motion. We agree. "Not only must judges actually be neutral, they must appear so as well" (People v Novak, 30 NY3d 222, 226 [2017]). In view of the law clerk's direct involvement in defendant's case during her tenure as the District Attorney and the allegations made in the CPL article 440 motion about her conduct while she was prosecuting him, as well as taking into account the need to maintain the appearance of impartiality, it was an improvident exercise of discretion for the judge to decide defendant's motion (see People v Hymes, 193 AD3d 975, 976-977 [2021], lv denied 37 NY3d 972 [2021]; see generally Corradino v Corradino, 48 NY2d 894 [1979]).
Although it does not appear from the record that defendant raised this issue before County Court, we deem it appropriate under the circumstances of this case to take corrective action in the interest of justice by reversing the June 2019 order and remitting the matter to County Court for resolution of the motion (see CPL 470.15 [3] [c]).[FN1] Based on our determination herein, defendant's remaining assertion is academic.
Egan Jr., J.P., Lynch, Reynolds Fitzgerald and Ceresia, JJ., concur.
ORDERED that the order is reversed, as a matter of discretion in the interest of justice, and matter remitted to the County Court of St. Lawrence County for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: The judge who decided defendant's CPL article 440 motion is no longer on the bench. To the extent that defendant requests that the matter be remitted to a different judge, such request is moot.