People v Thornton (2023 NY Slip Op 00460)

People v Thornton

2023 NY Slip Op 00460

Decided on February 2, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 2, 2023

111716
[*1]The People of the State of New York, Respondent,
v
Richard W. Thornton, Appellant.

Calendar Date:January 17, 2023

Before:Garry, P.J., Clark, Aarons, Reynolds Fitzgerald and McShan, JJ.

Rural Law Center of New York, Inc., Castleton (Keith F. Schockmel of counsel), for appellant.
Gary M. Pasqua, District Attorney, Canton (Matthew L. Peabody of counsel), for respondent.

Reynolds Fitzgerald, J.
Appeal, by permission, from an amended order of the County Court of St. Lawrence County (Jerome J. Richards, J.), entered September 5, 2019, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crimes of predatory sexual assault against a child, course of sexual conduct against a child in the second degree and endangering the welfare of a child (two counts), without a hearing.
The facts underlying defendant's 2012 conviction of predatory sexual assault against a child, course of sexual conduct against a child in the second degree and two counts of endangering the welfare of a child are fully set forth in our prior decision in this matter (141 AD3d 936 [3d Dept 2016], lv denied 28 NY3d 1151 [2017]). In 2019, defendant moved pursuant to CPL 440.10 to vacate the judgment of conviction based upon, among other things, the allegedly fraudulent misrepresentations made and ineffective assistance rendered by trial counsel, upon whom this Court imposed a two-year suspension from the practice of law in 2018 (see Matter of Rain, 162 AD3d 1458 [3d Dept 2018]). By amended order entered September 5, 2019, County Court denied defendant's motion without a hearing, and — with permission — defendant appeals.
The People concede that, at the time that defendant's CPL 440.10 motion was pending before and decided by County Court, the judge's law clerk was the former District Attorney responsible for defendant's indictment, prosecution and conviction. Unlike the factual situation presented in People v Roshia (206 AD3d 1057 [3d Dept 2022]), the law clerk here does not appear to have been directly involved in defendant's case during her term as District Attorney, nor do the allegations contained within defendant's CPL 440.10 motion implicate the law clerk's conduct in her former capacity as District Attorney. That said, it has been observed that "[a] law clerk is probably the one participant in the judicial process whose duties and responsibilities are most intimately connected with the judge's own exercise of the judicial function" (People v Hymes, 193 AD3d 975, 977 [2d Dept 2021] [internal quotation marks and citations omitted], lv denied 37 NY3d 972 [2021]), and it is well settled that "[n]ot only must judges actually be neutral, they must appear so as well" (People v Novak, 30 NY3d 222, 226 [2017]; accord People v Roshia, 206 AD3d at 1057; People v Hymes, 193 AD3d at 976). Accordingly, it was an improvident exercise of County Court's discretion to rule upon defendant's CPL 440.10 motion under these circumstances (see People v Roshia, 206 AD3d at 1057-1058).
Although it does not appear that defendant raised this issue before County Court, we deem this to be an appropriate matter in which to take corrective action in the interest of justice by reversing the amended order and remitting this matter to County Court for resolution of defendant's motion (see id. at 1058; People v McPhee, 197 AD3d 665, 666-667 [2d Dept 2021[*2]]). In light of this conclusion, defendant's arguments relative to the merits of his postconviction motion are academic.
Garry, P.J., Clark, Aarons and McShan, JJ., concur.
ORDERED that the amended order is reversed, as a matter of discretion in the interest of justice, and matter remitted to the County Court of St. Lawrence County for further proceedings not inconsistent with this Court's decision.