Wallach v Rothschild (2025 NY Slip Op 04596)

Wallach v Rothschild

2025 NY Slip Op 04596

Decided on August 6, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
HELEN VOUTSINAS
JANICE A. TAYLOR
LAURENCE L. LOVE, JJ.

2024-01994
 (Index No. 30719/23)

[*1]Moshe N. Wallach, respondent,
v
Raquel C. Rothschild, appellant.

Rabin Schumann and Partners LLP (Bonnie E. Rabin and Emery Celli Brinckerhoff Abady Ward & Maazel, LLP, New York, NY [Richard D. Emery and Laura S. Kokotailo], of counsel), for appellant.
Hasapidis Law Offices, South Salem, NY (Annette G. Hasapidis of counsel), for respondent.

DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Rockland County (Sherri L. Eisenpress, J.), dated February 27, 2024. The order denied the defendant's motion for recusal.
ORDERED that the order is reversed, on the law, on the facts, and in the exercise of discretion, with costs, and the defendant's motion for recusal is granted.
The defendant in this action for a divorce and ancillary relief moved for recusal based upon the marital relationship between Justice Eisenpress's principal law clerk and a named partner at Rosenblatt Warren LLP, one of the law firms representing the plaintiff. By order dated February 27, 2024, the Supreme Court denied the motion, and the defendant appeals.
"Absent a legal disqualification under Judiciary Law § 14, a Trial Judge is the sole arbiter of recusal" (People v Moreno, 70 NY2d 403, 405). "The decision is a discretionary one and is within the personal conscience of the court" (Matter of Independence Party State Comm. of State of N.Y. v Berman, 20 AD3d 423, 424; see People v Moreno, 70 NY2d at 405). Yet, "it may be better practice in some situations for a court to disqualify itself in a special effort to maintain the appearance of impartiality" (People v Moreno, 70 NY2d at 406; see Matter of Independence Party State Comm. of State of N.Y. v Berman, 20 AD3d at 424).
"'[A] law clerk is probably the one participant in the judicial process whose duties and responsibilities are most intimately connected with the judge's own exercise of the judicial function'" (People v Suazo, 120 AD3d 1270, 1272, quoting Oliva v Heller, 839 F2d 37, 40 [2d Cir]). "Law clerks are simply extensions of the judges at whose pleasure they serve" (id. [internal quotation marks omitted]).
Under the circumstances of this case, including, among other things, that Justice Eisenpress would be required to decide whether to award attorneys' fees to the plaintiff for Rosenblatt Warren LLP, "we find that it would have been 'better practice' for the trial judge to [*2]recuse herself 'in a special effort to maintain the appearance of impartiality' in this case" (Matter of Independence Party State Comm. of State of N.Y. v Berman, 20 AD3d at 424, quoting People v Moreno, 70 NY2d at 406; see People v Suazo, 120 AD3d at 1272).
The defendant's remaining contention is without merit.
IANNACCI, J.P., VOUTSINAS, TAYLOR and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court