People v Dickinson
2026 NY Slip Op 02694
April 30, 2026
Appellate Division, Third Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,
v
Shannon Dickinson, Appellant.

Decided and Entered:April 30, 2026
113167
Calendar Date: March 23, 2026
Before: Clark, J.P., Ceresia, Fisher And Powers, JJ.

Hug Law PLLC, Albany (Matthew C. Hug of counsel), for appellant.
Jason M. Carusone, District Attorney, Lake George (Robert P. McCarty of counsel), for respondent.

[*1]
Fisher, J.
Appeal, by permission, from an order of the County Court of Warren County (Robert Smith, J.), entered August 16, 2021, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crimes of sexual abuse in the first degree, luring a child and endangering the welfare of a child, without a hearing.
The underlying facts of this appeal are familiar, as this Court previously affirmed defendant's judgment of conviction on direct appeal (182 AD3d 783 [3d Dept 2018], lv denied 35 NY3d 1065 [2020]). Briefly, defendant was indicted for crimes related to an incident involving a minor at a hotel in the Town of Queensbury, Warren County. Following a jury trial, defendant was convicted of sexual abuse in the first degree, luring a child and endangering the welfare of a child. County Court (Hall Jr., J.) sentenced defendant, as a persistent felony offender, to concurrent prison terms of 15 years to life for his convictions of sexual abuse in the first degree and luring a child, and to a lesser concurrent term of incarceration on the remaining conviction. Defendant subsequently moved to vacate his judgment of conviction under CPL 440.10 on several grounds, which was denied by County Court (Smith, J.), without a hearing. Defendant, by permission, appeals from the denial of his CPL article 440 motion.
While this appeal was pending, the People informed defendant and this Court that, at the time defendant's CPL article 440 motion was decided, County Court's law clerk had been a former assistant prosecutor for the District Attorney who had prosecuted defendant. Although it did not "appear" from their review of the file that the law clerk was "involved in any substantive way" in handling defendant's case, the People conceded that "it is possible that [the law clerk] did appear on behalf of the People while the matter was pending as a felony in Queensbury Town Court." As a result of this revelation, defendant contends that the denial of his CPL article 440 motion must be reversed.
We agree. "A judge must always avoid even the appearance of impropriety and must always act in a manner that promotes public confidence in the judiciary's integrity and impartiality" (Advisory Comm on Jud Ethics Op 23-151 [2023] [internal citations omitted]; see People v Novak, 30 NY3d 222, 226 [2017]). As an extension of the judge that they serve, "a law clerk is probably the one participant in the judicial process whose duties and responsibilities are most intimately connected with the judge's own exercise of the judicial function" (People v Thornton, 213 AD3d 987, 988 [3d Dept 2023] [internal quotation marks, brackets and citations omitted]; see Oliva v Heller, 839 F2d 37, 40 [2d Cir 1988]). Indeed, law clerks serve as "[n]on-judges who perform judicial functions within the judicial system" (Advisory Comm on Jud Ethics Op 24-66 [2024] [internal quotation marks and citation omitted]), and therefore a law clerk's conflict may require the judge they [*2]serve to "disqualify in a proceeding in which the judge's impartiality 'might reasonably be questioned' " (Advisory Comm on Jud Ethics Op 25-40 [2025], quoting Rules Governing Jud Conduct[22 NYCRR] § 100.3 [E] [1]). Although such disqualification is not automatic, a judge must insulate their law clerk from all matters in which the law clerk had any personal involvement as an attorney during the law clerk's prior employment and disclose the law clerk's involvement and insulation to the parties — "even where the law clerk's involvement in the matter consisted of only a single court appearance" (Advisory Comm on Jud Ethics Op 23-96 [2023]; see Advisory Comm on Jud Ethics Op 21-42 [2021]). In doing so, a judge must prohibit their law clerk from participating in any way with the proceeding, including conferencing, performing legal research or drafting decisions (see Advisory Comm on Jud Ethics Op 23-117 [2023]). The failure to do so constitutes reversible error (see People v Thornton, 213 AD3d at 988-989; People v Roshia, 206 AD3d 1057, 1057-1058 [3d Dept 2022]; People v Hymes, 193 AD3d 975, 977 [2d Dept 2021], lv denied 37 NY3d 972 [2021]).
Here, it is undisputed that defense counsel was not notified of the law clerk's prior employment with the prosecutor's office responsible for defendant's indictment, prosecution and conviction until this appeal was pending. Since the letter advising of this conflict conceded that it was "possible" the law clerk made a court appearance as an assistant prosecutor against defendant, we disagree with the People's characterization that it can be said the law clerk had "absolutely no involvement" so as to not require insulation and notification (Advisory Comm on Jud Ethics Op 25-40 [2025]). Since the record before us also lacks insight into the law clerk's involvement with the determination of defendant's CPL article 440 motion, given the well-established recognition of a law clerk's special and integral role in the judicial process with their judge, we conclude that it was an improvident exercise of discretion for the judge to decide defendant's motion under these circumstances (see People v Thornton, 213 AD3d at 988; People v Roshia, 206 AD3d at 1057-1058; People v Hymes, 193 AD3d at 977). Given the context in which this issue arose, "we deem this to be an appropriate matter in which to take corrective action in the interest of justice" by reversing the order and remitting this matter to a different County Court judge for resolution of defendant's CPL article 440 motion (People v Thornton, 213 AD3d at 988). As a result of our determination, defendant's contentions relating to the merits of his postconviction motion are academic.
Clark, J.P., Ceresia and Powers, JJ., concur.
ORDERED that the order is reversed, as a matter of discretion in the interest of justice, and matter remitted to the County Court of Warren County for further proceedings not inconsistent with this Court's decision before a different judge.