OPINION OF THE COURT
Memorandum.
Judgment of conviction affirmed.
The trial court did not abuse its discretion in denying defendant’s motion to recuse itself from presiding over defendant’s trial on the ground that the complaining witness is the treasurer of the political party on whose line the court “ran for his . . . position.” “[RJecusal, as a matter of due process, is required only where there exists a direct, personal, substantial or pecuniary interest in reaching a particular conclusion ... or where a clash in judicial roles is seen to exist” (People v Alomar, 93 NY2d 239, 246 [1999]). “Absent a legal disqualification under Judiciary Law § 14” (People v Moreno, 70 NY2d 403, 405 [1987]; see also People ex rel. Smulczeski v Smulczeski, 18 AD3d 785, *80 786 [2005]; People v Washington, 11 Misc 3d 130[A], 2006 NY Slip Op 50312[U] [App Term, 9th & 10th Jud Dists 2006]), the trial judge’s determination with respect to recusal “will not be lightly overturned” (Matter of Khan v Dolly, 39 AD3d 649, 650 [2007]). Prior to rendering a decision on the motion, the trial judge herein sought review of the issue by the Advisory Committee on Judicial Ethics. The Committee issued an opinion (Advisory Comm on Jud Ethics Op 02-108 [2002]) which concluded that “under these circumstances, the judge’s impartiality may not reasonably be questioned, and therefore the judge is not disqualified and need not exercise recusal.” Although nonbinding, the Committee’s ethics opinions “provide[ ] important guidance to courts faced with determining whether recusal is mandatory” (DeRosa v Chase Manhattan Mtge. Corp., 10 AD3d 317, 320 [2004]; see also Matter of Spargo v New York State Commn. on Jud. Conduct, 23 AD3d 808, 810 [2005]; Matter of Emory CC., 199 AD2d 932, 933 [1993]), and the defendant points to no matters unavailable to the Committee that would justify rejection of its conclusions. Accordingly, on this record, we perceive neither a statutory basis nor any interest, pecuniary or otherwise, that would require a different result (Matter of Khan, 39 AD3d at 651; see also Matter of Montesdeoca v Montesdeoca, 38 AD3d 666, 667 [2007]).
We also reject defendant’s claim that the prosecutor improperly exercised peremptory challenges to remove two male prospective jurors on the basis of their gender (see J. E. B. v Alabama ex rel. T. B., 511 US 127 [1994]). “[T]he party claiming discriminatory use of peremptories must first make out a prima facie case of purposeful discrimination by showing that the facts and circumstances of the voir dire raise an inference that the other party excused one or more jurors for an impermissible reason” (People v Smocum, 99 NY2d 418, 421 [2003]; see generally Batson v Kentucky, 476 US 79 [1986]). Here, after the two male prospective jurors were questioned by both sides, the prosecutor, invoking their answers, articulated clearly gender-neutral reasons for excusing the prospective jurors for cause. The court denied the application and after the prosecutor employed peremptory challenges to excuse those two prospective jurors, the defense objected on Batson/J. E. B. grounds. Defendant argued that, in this domestic violence case, the prosecution sought to eliminate males because they might be sympathetic to defendant, thereby stating a basis, apart from membership in a suspect class, for regarding the challenges *81 discriminatory (see e.g. People v Hunter, 16 AD3d 187 [2005]). In response, the court indicated that it was not necessary for the prosecutor to further elaborate on her reasons for excluding the prospective jurors and overruled the objection. In so doing, the court failed to adhere to the Batson review procedure when it denied the defendant’s motion to seat the prospective jurors without allowing the defense to argue that the prosecutor’s stated reasons for seeking the prospective jurors’ disqualification for cause was pretextual (Batson v Kentucky, 476 US at 96-98; People v Wells, 7 NY3d 51, 58 [2006]; see People v Brown, 97 NY2d 500, 507 [2002]; People v Allen, 86 NY2d 101, 104 [1995]; see also People v Smocum, 99 NY2d at 421-422). As the Court of Appeals has cautioned, “meaningful inquiry into the question of discrimination” generally requires adherence to this “crucial process” (id. at 423). However, not only did the prosecutor articulate a “clearly nonpretextual” rationalization for the peremptory challenges, but her questioning of the remaining prospective jurors, the basis offered for her requests to exclude other, female jurors for cause, and the fact that she did not object to the seating of the only remaining male prospective juror when she had the opportunity to exercise a peremptory challenge against that juror collectively support the judge’s implicit conclusion that the prosecutor’s peremptory challenges of two male jurors were not discriminatory. Indeed, on appeal, defendant does not challenge the facial neutrality of the proffered explanations. Accordingly, as in Smocum, there is no need to hold the appeal in abeyance and to remand the motion for a hearing on the Batson issue (cf. People v Ramirez, 295 AD2d 542 [2002]; People v Manswell, 223 AD2d 561, 562 [1996]).
In our view, the court properly permitted the People to offer evidence, on their direct case, of an incident that occurred five months prior to the event underlying the instant charge when defendant, among other acts, pushed the complainant to the floor. In general, testimony regarding evidence of a defendant’s prior conduct toward the alleged victim is admissible as relevant background material to enable the jury to understand the defendant’s relationship with the complainant and to establish the defendant’s intent in the commission of the charged crimes (People v Till, 87 NY2d 835, 837 [1995]; People v Howard, 285 AD2d 560 [2001]; People v Rivera, 223 AD2d 476 [1996]; see also People v DeJesus, 24 AD3d 464, 465 [2005]; People v Iovine, 193 Misc 2d 668, 669 [App Term, 2d & 11th Jud Dists 2002]). In People v Gorham (17 AD3d 858, 860-861 [2005]), *82 the court stated that “evidence of prior domestic violence provided necessary background information regarding the setting in which these crimes occurred; it was explanatory of the victim’s behavior and probative of defendant’s intimidation, demonstrating the absence of mistake or accident, and was not . . . adduced simply to prove defendant’s propensity to commit these crimes” (see also People v Williams, 29 AD3d 1217, 1219 [2006]; People v Jirgal, 13 Misc 3d 142[A], 2006 NY Slip Op 52280[U] [App Term, 9th & 10th Jud Dists 2006]; People v Morgan, 12 Misc 3d 143[A], 2006 NY Slip Op 51422[U] [App Term, 9th & 10th Jud Dists 2006]). A trial court must, of course, exercise discretion to limit the admission of such proof to the purposes for which it is legitimately probative (People v Alvino, 71 NY2d 233, 241-243 [1987]; People v Ventimiglia, 52 NY2d 350, 359-360 [1981]; People v Allweiss, 48 NY2d 40, 46-47 [1979]), and to avoid undue prejudice, in particular the risk that the proof will be offered and received to demonstrate defendant’s criminal disposition and character and thus “likely to have committed the crime charged” (People v Grant, 104 AD2d 674, 674 [1984]; see also People v Foster, 211 AD2d 640 [1995]).
Here, the court exercised considerable care in tailoring the proof to proper dimensions, limiting the proof to a single physical encounter occurring within five months of the incident charged, and excluding all references to verbal abuse and other forms of misconduct. Unquestionably, the prior incident provided relevant background information as to the nature of the parties’ relationship (People v Jirgal, 13 Misc 3d 142[A], 2006 NY Slip Op 52280[U] [2006], supra; People v Morgan, 12 Misc 3d 143[A], 2006 NY Slip Op 51422[U] [2006], supra), it was relevant to refute any claim of mistake or accident (People v Gorham, 17 AD3d at 860), and it was probative of defendant’s motive and intent (People v DeJesus, 24 AD3d at 465). On this record, it cannot be said that the court erred in admitting the evidence.
Defendant’s claim that the court improperly barred his attorney from discussing with defendant the content of his testimony or strategy relating thereto, during a brief recess in the course of the prosecutor’s cross-examination of defendant, is not preserved for appellate review as his counsel took no exception to the ruling (CPL 470.05 [2]). In any event, we find no deprivation of the right to counsel. As a matter of federal constitutional law, “when a defendant becomes a witness, he has no constitutional right to consult with his lawyer while he *83 is testifying” (Perry v Leeke, 488 US 272, 281 [1989]; cf. Geders v United States, 425 US 80 [1976]). In Perry v Leeke, the Court stressed that the “rules that serve the truth-seeking function of the [tribunal]” apply to defendants when they testify {id. at 282) and that, in the exercise of discretion, a trial court may determine “that cross-examination is more likely to elicit truthful responses if it goes forward without allowing the witness an opportunity to consult with third parties, including his or her own lawyer” {id.).
The courts of New York have rejected attempts to impose a broader constitutional standard under the State’s Constitution (see e.g. People v Enrique, 165 AD2d 13, 21 [1991], affd for reasons stated below 80 NY2d 869 [1992]; see also People v Mojica, 244 AD2d 138, 143-144 [1998]), and, in related contexts, have echoed the Supreme Court’s endorsement of the importance of maintaining the integrity of the process of cross-examination: “There can be no question that once a witness takes the stand the truth-seeking function of a trial will most often be best served by requiring that the witness undergo direct questioning and cross-examination without interruption for counseling {see, Perry v Leeke . . .)” (People v Branch, 83 NY2d 663, 666 [1994]; see also People v Chin, 67 NY2d 22, 27-28 [1986]). While the Court of Appeals, construing Perry v Leeke, has stated that “the critical factor in determining whether a violation of the right to counsel occurred ... is the length of time dividing the defendant’s access to counsel contemplated by the trial court’s ruling” (People v Joseph, 84 NY2d 995, 998 [1994]), in United States v Triumph Capital Group, Inc. (487 F3d 124, 133 [2d Cir 2007]), the court noted:
“[While] a defendant’s constitutional right to consult with his attorney on a variety of trial-related issues during a long break, such as an overnight recess, is inextricably intertwined with the ability to discuss his ongoing testimony . . . [and] a ban on discussing testimony during a substantial recess does materially impede communication of a constitutional quality . . . Circuit precedent requires that we focus not on the length of time and of the prohibition, but rather on the constitutional quality of the communications affected.”
By either standard there was no error.
The court adjourned defendant’s cross-examination to instruct defendant’s counsel to advise defendant to answer ques *84 tions in a direct manner but otherwise to avoid any communications with defendant as to the content of his testimony. The court below stated that the recess would be for five minutes and defendant does not argue that it was longer. A recess of so short a duration during the cross-examination of a defendant renders even a bar on all attorney-client communications appropriate virtually per se, whether considered solely from a temporal standpoint or because, from a “constitutional quality” point of view, it is a virtual certainty that any communications during such a period would serve only to undermine the truth-finding process. Accordingly, the court’s instruction to counsel implicated no constitutional protection.
We have reviewed defendant’s remaining contention and find it without merit (Matter of Anthony M., 63 NY2d 270, 283-284 [1984]; People v Pavao, 59 NY2d 282, 288-289 [1983]; People v Jackson, 41 AD3d 498 [2007]; People v Daley, 9 AD3d 601, 602 [2004]).
Rudolph, EJ., Emerson and LaCava, JJ., concur.