Minckler v D'Ella, Inc. (2024 NY Slip Op 00017)

Minckler v D'Ella, Inc.

2024 NY Slip Op 00017

Decided on January 4, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 4, 2024

CV-23-0280
[*1]Karen Minckler et al., Appellants,
v
D'Ella, Inc., Doing Business as D'Ella Honda of Glens Falls, et al., Respondents, et al., Defendant.

Calendar Date:November 20, 2023

Before:Clark, J.P., Aarons, Reynolds Fitzgerald, McShan and Mackey, JJ.

Cooper Erving & Savage LLP, Albany (Christopher P. Flint of counsel), for appellants.
Bartlett, Pontiff, Stewart & Rhodes, PC, Glens Falls (Malcolm B. O'Hara of counsel), for respondents.

Clark, J.P.
Appeal from an order of the Supreme Court (Robert J. Muller, J.), entered January 4, 2023 in Warren County, which denied plaintiffs' motion for recusal.
The underlying action arises from an automobile accident that occurred in 2019 when plaintiff driver Karen Minckler suffered physical injuries. Minckler and her spouse, derivatively, commenced this action against, as is relevant here, defendants D'Ella Inc., doing business as D'Ella Honda of Glens Falls, and D'Ella Automotive Inc. (hereinafter collectively referred to as defendants), the owners of the other vehicle involved in the collision. Initially, the matter was assigned to Justice Martin D. Auffredou. However, Justice Affredou recused himself after disclosing that defense counsel had served as the chair of his campaign committee in 2015, and the matter was reassigned to Justice Robert J. Muller.
In September 2022, plaintiffs learned that defense counsel and his law firm were supporting Justice Muller's reelection campaign by hosting an upcoming fundraising event for him. On October 3, 2022, during a phone conference with Justice Muller, plaintiffs, through their attorney, requested that Justice Muller recuse himself. Justice Muller asked that the request be put in writing on notice to defense counsel. The next day, plaintiffs emailed a request for recusal, and defendants opposed the request. Two days later, Justice Muller's principal law clerk emailed the parties advising them that Justice Miller had submitted an inquiry about the recusal issue to the Judicial Campaign Ethics Center (hereinafter the JCEC) and asking the parties to hold any motion practice in abeyance until a response was received. On October 14, 2022, defendants filed a motion to strike the note of issue and/or for an independent medical examination, which was held in abeyance on consent while the parties waited to hear from Justice Muller on the recusal issue. On November 16, 2022, Justice Muller issued a letter indicating that he would not recuse and attached an October 12, 2022 letter from the JCEC. On November 23, 2022, plaintiffs filed a formal motion seeking Justice Muller's recusal, which motion was denied on January 4, 2023. Plaintiffs appeal from that order.
A judge is prohibited from participating in any matter in which he or she is interested or has a familial relationship with any party (see Judiciary Law § 14). Where disqualification is not required pursuant to Judiciary Law § 14, "a judge's decision on a recusal motion is one of discretion, and when recusal is sought based upon impropriety as distinguished from legal disqualification, the judge is the sole arbiter" (McAuliffe v McAuliffe, 209 AD3d 1119, 1120 [3d Dept 2022] [internal quotation marks and citations omitted]). However, that discretion is not unlimited, and "judges must still recuse in cases where their impartiality 'might be reasonably questioned' " (Advisory Comm on Jud Ethics Op 19-76 [2019], quoting Rules Governing Jud Conduct [22 NYCRR] § 100[*2].3 [E] [1]). Judges have an obligation to comport themselves within the bounds of judicial ethics and must avoid the appearance of impropriety at all times, particularly when running for election or reelection (see Rules Governing Jud Conduct [22 NYCRR] §§ 100.2; 100.3 [E]; Concord Assoc., L.P. v EPT Concord, LLC,130 AD3d 1404, 1405-1406 [3d Dept 2015], lv denied 26 NY3d 912 [2015]). It is axiomatic that attorneys often assist judges with their campaigns as lawyers often have contact with judges and can express opinions about their fitness to be judges. When an attorney who is assisting in a judge's campaign appears before that judge, the judge has a duty to disclose to the parties the nature and level of that attorney's involvement (see Advisory Comm on Jud Ethics Op 07-26 [2007]). Although the relationship between lawyers and judges can result in the judge's recusal during and after a campaign (see Advisory Comm on Jud Ethics Op 08-152 [2008]), an attorney's attendance at a single campaign event will not require the judge's recusal; recusal is only required where the attorney plays an active role in the judge's campaign (see Advisory Comm on Jud Ethics Op 09-245 [2010]).
Here, Justice Muller did not disclose to the parties that defense counsel and his law firm were providing assistance to his judicial campaign. Plaintiffs independently learned of the fundraiser, prompting them to raise the issue and seek the judge's recusal. The record establishes that the law firm hosted a fundraising event for Justice Muller, that the names of defense counsel and five other attorneys from his firm appeared as supporters on Justice Muller's campaign website and that defense counsel wrote a favorable opinion letter endorsing Justice Muller's candidacy which appeared in several news publications throughout the Fourth Judicial District. Furthermore, the JCEC's October 12, 2022 letter clearly states that Justice Muller was "disqualified, subject to remittal, from presiding over matters involving defense counsel and his law firm, including partners and associates, during the course of [his] judicial campaign" (emphasis omitted). Although we have no way of knowing Justice Muller's reasons or intentions, it is undisputed that he did not disclose the JCEC letter to the parties until a month after receiving it, when his campaign results became official, and he was elected to a new term of office. As judges need to avoid even the appearance of impropriety, Justice Muller should have disclosed the JCEC letter upon receipt and recused from the matter as soon as possible (see Rules Governing Jud Conduct [22 NYCRR] §100.3 [E] [1]; Advisory Comm on Jud Ethics Op 03-64 [2003]). Therefore, Justice Muller abused his discretion in denying plaintiffs' motion for recusal.
Reynolds Fitzgerald, McShan and Mackey, JJ., concur; Aarons, J., not taking part.
ORDERED that the order is reversed, on the law, without costs, motion granted, and matter remitted to the Supreme Court for [*3]further proceedings not inconsistent with this Court's decision before a different judge.