People v Marable (2025 NY Slip Op 50624(U))

[*1]

People v Marable (Hope)

2025 NY Slip Op 50624(U)

Decided on April 10, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 10, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : ELENA GOLDBERG-VELAZQUEZ, J.P., TIMOTHY S. DRISCOLL, GRETCHEN WALSH, JJ

2022-1015 W CR

The People of the State of New York, Respondent,
against
Hope Marable, Appellant. 

Thomas R. Villecco, for appellant.
Westchester County District Attorney (William C. Milaccio of counsel), for respondent.

Appeal from judgments of the City Court of Mount Vernon, Westchester County (Nichelle A. Johnson, J.), rendered December 7, 2022. The judgments convicted defendant, after a nonjury trial, of criminal impersonation in the second degree, false personation, and driving while intoxicated, respectively, and imposed sentences.

ORDERED that the judgments of conviction are affirmed.
Contrary to defendant's sole contention on appeal, Judge Nichelle A. Johnson did not abuse her discretion in denying defendant's motion to recuse herself from presiding over defendant's trial. Since defendant did not raise a mandatory legal disqualification claim under Judiciary Law § 14, the "[t]rial [j]udge [was] the sole arbiter of recusal" (People v Moreno, 70 NY2d 403, 405 [1987]). Defendant has failed to demonstrate that Judge Johnson had "a direct, personal, substantial or pecuniary interest in reaching a particular conclusion" (People v Alomar, 93 NY2d 239, 246 [1999]) based on defendant's involvement in Mount Vernon politics and general support of Judge Johnson's election campaign (see People v MacShane, 17 Misc 3d 78, 79 [App Term, 2d Dept, 9th & 10th Jud Dists 2007], affd 11 NY3d 841 [2008]). As defendant did not have a significant role in Judge Johnson's election campaign, recusal was not required due to the appearance of impropriety (see Minckler v D'Ella, Inc., 223 AD3d 980, 981 [2024]; Anderson v Belke, 80 AD3d 483, 483 [2011]; cf. Matter of Doyle [State Commn. on Jud. Conduct], 23 NY3d 656, 661 [2014]).
Accordingly, the judgments of conviction are affirmed.
GOLDBERG-VELAZQUEZ, J.P., DRISCOLL and WALSH, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 10, 2025