People v Marable (2025 NY Slip Op 50623(U))

[*1]

People v Marable (Hope)

2025 NY Slip Op 50623(U)

Decided on April 10, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 10, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : ELENA GOLDBERG-VELAZQUEZ, J.P., TIMOTHY S. DRISCOLL, GRETCHEN WALSH, JJ

2022-813 W CR

The People of the State of New York, Respondent,
against
Hope Marable, Appellant. 

Thomas R. Villecco, for appellant.
Westchester County District Attorney (William C. Milaccio of counsel of counsel), for respondent.

Appeal from a judgment of the City Court of Mount Vernon, Westchester County (Lyndon D. Williams, J.), rendered September 27, 2022. The judgment, insofar as appealed from as limited by the brief, convicted defendant, upon a jury verdict, of resisting arrest and obstructing governmental administration in the second degree, and imposed sentence.

ORDERED that the judgment of conviction, insofar as appealed from, is affirmed.
Defendant was charged in an accusatory instrument with disorderly conduct (Penal Law § 240.20), resisting arrest (Penal Law § 205.30), and obstructing governmental administration in the second degree (Penal Law § 195.05). Prior to trial, defendant moved to have Judge Lyndon D. Williams recuse himself from presiding over defendant's trial due to defendant's involvement in Mount Vernon politics, attendance at political fundraisers or gatherings in support of Judge Williams's election campaign, and "behind the scenes general support" (internal quotation marks omitted) for Judge Williams's election campaign, which motion was denied. 
At a jury trial, the People presented testimony that a police officer entered a gas station and encountered a "taxi" driver who requested assistance in removing a passenger (defendant). The police officer spoke to defendant, but defendant initially refused to exit the vehicle, so the police officer called for backup. A second police officer arrived at the scene, and, after both police officers spoke to defendant, she eventually exited the vehicle. A third officer then arrived, [*2]and defendant immediately yelled, screamed, used profane language, and pointed at the third officer. The officers testified that defendant appeared to recognize the third officer from a past encounter, and that defendant got very close to the third officer and had to be held back. The officers informed defendant that she was free to leave and went back to their vehicles. Defendant followed the third officer to her police vehicle, and continued to behave in an aggressive manner towards her. All three officers testified that the third officer eventually told defendant that she was under arrest for disorderly conduct after she had been warned multiple times that, if she did not walk away, she would be arrested. Defendant quickly walked away from the officers after being informed she was under arrest, and subsequently "tensed up" and refused to give the officers her hands or arms. The third officer also testified that defendant held onto a railing after she walked away from them, and that they had to employ a leg sweep to get defendant on the ground so that she could be handcuffed. Surveillance footage of the entire interaction without audio was admitted into evidence. The surveillance footage showed defendant follow the third officer to her vehicle, behave in an aggressive manner towards her, and then suddenly walk away towards the gas station, where she held onto a railing while the officers attempted to arrest her.
After the People rested, defendant moved to dismiss all the charges on the ground that "the evidence . . . does not support the charges in this case, specifically the resisting arrest and the obstructing governmental administration" charges. The motion was denied.
Defendant agreed that she had a "heated exchange" with the third officer when she arrived, but denied that she was ever warned that she would be arrested if she did not walk away. She indicated that she walked away from the officers after the third officer made a statement that gave her the impression that the officer was "attempting to stage something." She stated that the officers forcefully knocked her to the ground, and that she did not resist arrest.
At the close of the evidence, defendant renewed her motion to dismiss the charges, which motion was denied. The jury found defendant guilty of all three charges. As limited by the brief, defendant appeals from so much of the judgment as convicted her of resisting arrest and obstructing governmental administration in the second degree on the ground that Judge Williams should have recused himself, and that the convictions are not supported by legally sufficient evidence and are against the weight of the evidence because defendant did not have the requisite intent to commit the aforementioned offenses.
Judge Williams did not abuse his discretion in denying defendant's motion to recuse himself. Since defendant did not raise a mandatory legal disqualification claim under Judiciary Law § 14, the "[t]rial [j]udge [was] the sole arbiter of recusal" (People v Moreno, 70 NY2d 403, 405 [1987]). Defendant has failed to demonstrate that Judge Williams had "a direct, personal, substantial or pecuniary interest in reaching a particular conclusion" (People v Alomar, 93 NY2d 239, 246 [1999]) based on defendant's involvement in Mount Vernon politics and general support of Judge Williams's election campaign (see People v MacShane, 17 Misc 3d 78, 79 [App Term, 2d Dept, 9th & 10th Jud Dists 2007], affd 11 NY3d 841 [2008]). As defendant did not have a significant role in Judge Williams's election campaign, recusal was not required due to the appearance of impropriety (see Minckler v D'Ella, Inc., 223 AD3d 980, 981 [2024]; Anderson v Belke, 80 AD3d 483, 483 [2011]; cf. Matter of Doyle [State Commn. on Jud. Conduct], 23 NY3d 656, 661 [2014]).
Defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate [*3]review because defendant's general motions to dismiss the charges, made both at the close of the People's case and at the close of evidence, were "not specifically directed at the deficiencies now being argued" (People v Costa, 222 AD3d 775, 775 [2023]; see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 492 [2008]; People v Gray, 86 NY2d 10, 19 [1995]). In any event, both convictions are supported by legally sufficient evidence. 
"The standard for reviewing the legal sufficiency of evidence in a criminal case is whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" (People v Flanagan, 28 NY3d 644, 656 [2017] [internal quotation marks omitted]; see People v Delamota, 18 NY3d 107, 113 [2011]; People v Danielson, 9 NY3d 342, 349 [2007]). "A person is guilty of resisting arrest when he intentionally prevents or attempts to prevent a police officer or peace officer from effecting an authorized arrest of himself" (Penal Law § 205.30). "A person is guilty of obstructing governmental administration" in the second degree when "[s]uch person intentionally . . . prevents or attempts to prevent a public servant from performing an official function, by means of intimidation, physical force or interference" (Penal Law § 195.05 [1]). "A person acts intentionally with respect to a result or to conduct described by a statute defining an offense when his conscious objective is to cause such result or to engage in such conduct" (Penal Law § 15.05). "Intent may be inferred from a defendant's conduct and the totality of the circumstances" (People v Adilovic, 34 Misc 3d 159[A], 2012 NY Slip Op 50437[U], *3 [App Term, 2d Dept, 9th & 10th Jud Dists 2012]; see People v Bracey, 41 NY2d 296, 303 [1977]; People v Torres, 41 Misc 3d 134[A], 2013 NY Slip Op 51877[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2013]).
Contrary to defendant's contentions, there was legally sufficient evidence from which defendant's intent to resist arrest and obstruct governmental administration could be inferred based on the police officers' testimony that defendant walked away from them once she was informed she was under arrest, and that she held onto a railing when the police officers tried to grab her hands. With respect to the resisting arrest charge, a defendant need not "use force or violence in obstructing the officer" in order to "establish[] the requisite intent . . . for resisting arrest"; "[i]t is enough that [the defendant] engage in some conduct with the intent of preventing the officer from effecting an authorized arrest of [the defendant] or another person" (People v Stevenson, 31 NY2d 108, 112-113 [1972] [internal quotation marks omitted]; see Adilovic, 2012 NY Slip Op 50437[U], *2). Furthermore, a person has obstructed governmental administration in the second degree if he or she attempts to prevent a police officer from making a lawful arrest "by means of . . . physical . . . interference" (Penal Law § 195.05 [1]; see People v Hadlock, 218 AD3d 925, 927-928 [2023]; People v Spencer, 95 AD3d 781, 782 [2012]; People v Battles, 81 Misc 3d 133[A], 2023 NY Slip Op 51373[U], *1 [App Term, 1st Dept 2023]; People v Stewart, 45 Misc 3d 127[A], 2014 NY Slip Op 51454[U], *1-2 [App Term, 2d Dept, 9th & 10th Jud Dists 2014]). Consequently, there was legally sufficient evidence to establish that defendant resisted arrest and obstructed governmental administration based on her physical actions upon hearing that she was under arrest.
Upon exercising our factual review power (see CPL 470.15 [5]; Danielson, 9 NY3d at 348-349), while "accord[ing] great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor" (People v Howard, 217 AD3d 966, 967 [2023]; see [*4]People v Mateo, 2 NY3d 383, 410 [2004]), we find that the verdict convicting defendant of resisting arrest and obstructing governmental administration in the second degree was not against the weight of the evidence.
Accordingly, the judgment of conviction, insofar as appealed from, is affirmed.
GOLDBERG-VELAZQUEZ, J.P., DRISCOLL and WALSH, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 10, 2025